UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JONES,<br><br>                Petitioner,<br><br>v.<br><br>M. ATCHLEY, Warden,<br><br>                Respondent. | Case No.: 22cv363-GPC(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [Doc. No. 12]** |

On March 16, 2022, petitioner Ronnie Jones, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254, challenging the sentence imposed against him in San Diego Superior Court Case No. SCD204773. [Doc. No. 1, at p. 2 *et seq*.] The Petition includes only two grounds for relief. [Doc. No. 1, at pp. 3-7.] Before the Court is respondent's Motion to Dismiss the Petition. [Doc. No. 12.] Petitioner has not filed a response or opposition to respondent's Motion.

### *Background*

Petitioner is serving a sentence of thirty-two years, eight months in state prison for attempted murder and assault with intent to commit rape. *People v. Jones*, D053874, 2009 WL 3489858, at 1 (Cal. App. Oct. 29, 2009). As respondent points out, petitioner previously filed a Federal Petition challenging the conviction against him in San Diego

1

Superior Court Case No. SCD204773.  *See Jones v. McEwen*, No. 12cv1777-LAB(NLS) 2013 WL 445881 (S.D. Cal. Aug. 16, 2013).  This prior Federal Petition was dismissed as untimely based on the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and for lack of merit.  *Id.*

## *Discussion*

### I.  *Motion to Dismiss.*

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing Section 2254 Cases.  The Court may dismiss a petition for writ of habeas corpus on its own motion, pursuant to a motion to dismiss, or after an answer to the petition has been filed.  Rules 4, Rules Governing Section 2254 Cases, advisory committee's note (2004 amendments).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than its substantive merits, "a court may [typically] look only at the face of the [pleading] to decide a motion to dismiss."  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

A motion to dismiss under Federal Rule 12(b)(6) may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing Fed.R.Civ.P. 8(a)(2)).  To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2013).  On the other hand, "[a] document filed *pro se* is 'to be liberally construed,' and . . . must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

/ / /

/ / /

### II. *State Sentencing Error Claims*.

Federal Courts may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2254 (emphasis added). "[V]iolations of state law are not cognizable on federal habeas review." *Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). In *Miller v. Vasquez*, 868 F.2d 1116 (9th Cir. 1989), the petitioner claimed the trial court should not have applied an enhancement provision to his sentence, and the Ninth Circuit concluded the claim was not cognizable, because Federal habeas relief is not available for an alleged error in the interpretation or application of state sentencing laws. *Id.* at 1118-1119. In other words, a sentencing claim that "is exclusively concerned with state law" is "not cognizable in a federal habeas corpus proceeding." *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993).

Here, Ground 1 of the Petition cites Senate Bill 1393, which purportedly "deletes the restriction prohibiting a judge from striking a prior serious felony in connection with the imposition of [an] enhancement." [Doc. No. 1, at p. 5.] Based on Senate Bill 1393, petitioner argues that a great bodily injury enhancement should not have been imposed as part of his sentence, because great bodily injury is an "implied" element of his offense. [Doc. No. 1, at p. 6.] Ground 2 of the Petition argues that a five-year prison enhancement imposed against petitioner because of a prior felony conviction that qualified as a strike should be stricken from his sentence "in the interest of justice" because the offense is "now a misdemeanor" based on "new sentencing provisions under [Proposition 57]." [Doc. No. 1, at p. 7.] The Petition does not include any allegation of fundamental unfairness in the state court's interpretation of any Federal law. In short, as respondent contends, both claims in the Petition essentially seek resentencing based on changes in state sentencing law. [Doc. No. 12-1, at p. 3.] However, as outlined above, Federal

habeas relief is not available for alleged errors in the application or interpretation of state sentencing laws.  For this reason, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss Grounds 1 and 2 in the Petition for failure to state a cognizable claim.

### III. *Exhaustion.*

Respondent also argues that the Petition should be dismissed because it "does not appear" that petitioner has presented either of his two claims to the California Supreme Court. [Doc. No. 12-1, at p. 2.]  In support of this contention, respondent lodged two documents indicating petitioner did present claims in the state trial court and the California Court of Appeal that are essentially the same as those presented in the instant Federal Petition.  [Doc. No. 13, at pp. 1-2; Doc. Nos. 13-1, 13-2.]  However, respondent's Motion to Dismiss represents that an online docket search was completed which indicated petitioner has not presented these same claims to the California Supreme Court.  [Doc. No. 12-1, at p. 2.]  As noted above, petitioner did not respond to the Motion to Dismiss, so there is nothing before the Court to refute respondent's representation.

Title 28, United States Code, Section 2254(b)(1), provides as follows:  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State. . . ."  28 U.S.C. 2254(b)(1). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, [citations omitted]; or (2) he demonstrates that no state remedy remains available.  [Citations omitted.]" *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).

Additionally, the Supreme Court has held that a claim has not been "fairly presented" in the state court system unless the petitioner specifically indicated he was raising a Federal constitutional claim.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  "If state courts are to be given the opportunity to correct alleged violations of prisoners' Federal rights, they must surely be alerted to the fact that the prisoners are asserting

claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995).

"Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted." *Dean v. Diaz*, No. 1:14-CV-00209-SKO-HC, 2014 WL 1275706, at 5 (E.D. Cal. Mar. 27, 2014), *citing* 28 U.S.C. § 2254(b)(1)(A); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir.1981); *Darr v. Burford*, 339 U.S. 200, 218-219 (1950), *overruled in part on other grounds in Fay v. Noia*, 372 U.S. 391 (1963).  "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Here, the face of the current Petition is ambiguous on the issue of whether petitioner "exhausted the remedies available in the courts of the State. . ." as required by Section 2254(b)(1).  The Petition was filed in this Court using a form approved by the Judicial Counsel of California for presenting a state habeas petition that does not instruct the petitioner to reveal whether state court remedies were exhausted.  This form only includes an "administrative review" section instructing the petitioner to:  "Explain what administrative review you sought or explain why you did not seek such review."  [Doc. No. 1, at p. 8.]  Petitioner's handwritten explanation states that "administrative remedies are unnecessary," because "[t]his Petition does not concern the conditions of my confinement." [Doc. No. 1, at p. 8.]

As noted above, Grounds 1 and 2 in the Federal Petition essentially seek resentencing based on changes in state sentencing law.  The Court was unable to locate anything in the Federal Petition or in the attached exhibits indicating petitioner's intent was to raise Federal constitutional claims.  [Doc. No. 1; Doc. No. 1-1.]   Rather, the claims in the Federal Petition are based solely on purported changes in state sentencing

law. The lodgments submitted by respondent (*i.e.*, orders by the state trial court and the state appellate court denying the same claims presented in the Federal Petition) also do not indicate petitioner asserted any Federal constitutional claims. [Doc. No. 13-1, at pp. 3-4.] Nor does the record before the Court include copies of the petitions filed in the state trial court or the state appellate court. Finally, as noted above, respondent represents in the Motion to Dismiss that a search of the online docket for the California Supreme Court indicates petitioner has not filed anything there since the California Court of Appeal denied his current claims, and petitioner did not respond to the Motion to Dismiss. [Doc. No. 12-1, at p. 2]

Based on the foregoing, there is nothing in the record to indicate petitioner could satisfy his burden to prove that he properly exhausted state judicial remedies by fairly presenting Federal constitutional claims to the highest state court with jurisdiction to consider them or that no state remedies remain. For these reasons, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss to the extent it seeks dismissal of the Petition for failure to exhaust state court remedies.[1]

### IV.     *Leave to amend*.

"[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013), *quoting Jarvis v. Nelson*, 440 F.2d 13,14 (9th Cir.I97I). Rule 15 states that: "The court should freely give leave when justice so requires"" Fed. R. Civ. P. 15(a)(2). Although unlikely, it is possible petitioner could amend his Petition to resolve the matters raised in respondent's

---

[1]     Because it was not raised in respondent's Motion to Dismiss and because the Court is recommending dismissal on other grounds, it is not necessary to address the statute of limitations. *See, e.g., Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001) ("For the purposes of this case, we do not need to reach the complex questions lurking in the time bar of the AEDPA.")

1  Motion to Dismiss. Therefore, it is RECOMMENDED that the Petition be dismissed
2  with thirty (30) days' leave to amend.

### *Conclusion*

Based on the foregoing, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss the Petition (Grounds 1 and 2), because petitioner failed to state cognizable Federal claims and because there is nothing in the record to indicate that petitioner could satisfy his burden to show he exhausted his state court remedies by fairly presenting Federal claims to the state's highest court and that no state remedies remain. However, IT IS RECOMMENDED that the District Court grant petitioner thirty (30) days' leave to amend. [Doc. No. 12.]

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

IT IS HEREBY ORDERED that no later than **November 22, 22022** any party to this action may file and serve written objections to this Report and Recommendation. The document should be captioned "Objection to Report and Recommendation.

IT IS FURTHER ORDERED that any reply to objections shall be filed and served no later than **December 6, 2022**.

The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appear of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 25, 2022

_____
Hon. Karen S. Crawford
United States Magistrate Judge