UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE JONES,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>M. Atchley, Warden,<br><br>　　　　　　　　　Respondent. | Case No.:  22cv363-GPC(KSC)<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF No. 12.] |

## I.  Introduction

On March 16, 2022, Petitioner Ronnie Jones ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the sentence imposed against him. (ECF No. 1.) On June 08, 2022, Respondent M. Atchley, Warden, ("Respondent") filed a motion to dismiss the Petition for failure to present a cognizable claim and failure to exhaust state remedies. (ECF No. 12.) Petitioner did not file an opposition. On October 25, 2022, Magistrate Judge Karen S. Crawford issued a Report and Recommendation ("Report"), recommending the Court grant Respondent's motion to dismiss the Petition

with leave to amend. (ECF No. 14.) On December 5, 2022, Petitioner filed an Objection to the Report. (ECF No. 15.) After a thorough review of the issues and for the reasons set forth below, this Court **ADOPTS in part** the Magistrate Judge's Report and **GRANTS** Respondent's motion to dismiss without leave to amend.

## II. Background

In 2008, in a bench trial, the trial court found Petitioner guilty of unpremeditated attempted murder in violation of California Penal Code ("Penal Code") sections 664, 187(a) (count 1); assault with intent to commit rape in violation of Penal Code section 220(a) (count 2); assault with a deadly weapon in violation of Penal Code section 245(a)(1) (count 3); attempted forcible rape in violation of Penal Code sections 664, 261(a)(2) (count 4); attempted forcible sodomy in violation of Penal Code sections 664, 286(c)(2) (count 5); and making a criminal threat in violation of Penal Code section 422 (count 6). *People v. Jones*, D053874, 2009 WL 3489858, at *1 (Cal. App. Oct. 29, 2009). On all counts, the trial court found as true allegations that Petitioner inflicted great bodily injury in violation of Penal Code section 12022(a)(7), and, as to all but count 3, the trial court found as true allegations Petitioner used a deadly weapon in violation of Penal Code section 12022(b)(1). *Id.* In addition, Petitioner admitted having one prior strike conviction under Penal Code sections 667(b)-(i), 1170.12, one prior serious felony conviction under Penal Code sections 667(a)(1), and four prior prison convictions under Penal Code sections 667.5(b). *Id.*

On October 1, 2008, the trial court sentenced Petitioner to an aggregate term of 32 years and eight months in prison. *Id.* The sentence "consisted of the upper term of nine years for count 1, doubled to 18 years for the prior strike conviction, plus one year for the deadly weapon use enhancement, three years for the great bodily injury enhancement, two years and eight months for count 2, five years for the prior serious felony conviction, and three years for three of the four prior prison convictions." *Id.*

Petitioner direct appealed his conviction. (ECF No. 13-1, Lodgment No. 1.) On October 29, 2009, the Court of Appeal reversed the judgment as to count 4 because attempted rape is a lesser included offense of his conviction in count 2 of assault with intent to commit rape, and the matter was remanded to the trial court to strike that count. (*Id.*)

On October 21, 2021, Petitioner filed a Petition for Writ of Habeas Corpus in the San Diego Superior Court.[1] (ECF No. 13-1, Lodgment No. 1 at 3[2].) Petitioner alleged that he was eligible for resentencing pursuant to California Senate Bill 1393[3] ("Senate Bill 1393"), a statutory amendment that became effective after he was sentenced, and also that his prior strike was now a "misdemeanor", and therefore an invalid strike. (*Id.*) On October 29, 2021, the trial court denied the petition reasoning that Petitioner was ineligible for relief based on Senate Bill 1393 because his case was "long-since final because his initial appeal was filed twelve years ago and his six prior petitions for writ of habeas corpus on the same conviction were denied." (*Id.* at 4.) Furthermore, the trial court concluded that Petitioner's second claim was inaccurate and his prior strike conviction was still a prior serious felony, and therefore still enforceable. (*Id.*)

---

[1] In recounting the procedural history of the petition, the superior court noted that the petition was his seventh one. (ECF No. 13-1, Lodgment No. 1.)

[2] Page numbers are based on the CM/ECF pagination.

[3] "On September 30, 2018, [California Governor Jerry Brown] signed Senate Bill 1393 which, effective January 1, 2019, amend[ed] [Penal Code] sections 667(a) and 1385(b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes." *People v. Garcia*, 28 Cal. App. 5th 961, 971 (2018) (citation omitted). Under the prior versions of those statutes, courts were required to impose a five-year consecutive term for "any person convicted of a serious felony who previously has been convicted of a serious felony" and "ha[d] no discretion to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." *Id.* (quotation marks and citations omitted).

On December 20, 2021,[4] Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal. Petitioner alleged his prior conviction did not qualify as prior serious felony for purposes of a five-year enhancement or as a strike for purposes of the Three Strikes law. (ECF No. 13-2, Lodgment No. 2 at 2.) Petitioner also alleged he should be eligible for resentencing pursuant to Senate Bill 1393. (*Id.*) The California Court of Appeal denied the petition noting that Petitioner's current prison term was properly increased based on his prior conviction. (*Id.*) Furthermore, Senate Bill 1393 took effect on January 1, 2019, nearly ten years after Petitioner's judgment became final in 2009. (*Id.*) Therefore, Senate Bill 1393 did not apply to Petitioner's prison sentence. (*Id.*)

On March 16, 2022, Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court raising two grounds.[5] (ECF No. 1.) First, he alleges he is eligible for resentencing pursuant to a Senate Bill 1393 which now grants a court discretion to strike or dismiss a five-year enhancement for a prior serious felony conviction and one year enhancement for a prior prison term. (*Id.* at 5-6.) Second, Petitioner argues his prior strike is now deemed a "misdemeanor", and therefore, the strike conviction is invalid. (*Id.* at 7.)

On June 8, 2022, Respondent filed a motion to dismiss the Petition. (ECF No. 12.) Petitioner did not file an opposition. On October 25, 2022, Magistrate Judge Karen S. Crawford issued a Report advising the Court to grant Respondent's motion to dismiss the Petition with leave to amend. (ECF No. 14.) On December 5, 2022, Petitioner filed an Objection to the Report. (ECF No. 15.)

---

[4] According to California Court of Appeal's website, the petition was filed on December 20, 2021. https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2370376&doc_no=D079803&request_token=NiIwLSEmLkw9WyBRSSFdSE1IUFQ6UkxbJCBOJzpTQCAgCg%3D%3D.

[5] The Petition was originally filed in the U.S. District Court for the Northern District of California and was then transferred to this Court.

## III. Discussion

### A. Standard of Review of Report and Recommendation

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If objections are made, the court reviews the magistrate judge's findings and recommendations *de novo*. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). When no objections are filed, the court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974). The district court need not review *de novo* those portions of a Report to which neither party objects. *Reyna-Tapia*, 328 F.3d at 1121-22. In this case, Petitioner filed an Objection. Therefore, the Court conducts a *de novo* review of the findings and recommendations of the Magistrate Judge.

### B. Respondent's Motion to Dismiss – Cognizable Claims

Petitioner alleges he is eligible for resentencing pursuant to California Senate Bill 1393 which now grants a court discretion to strike or dismiss a five-year enhancement for a prior serious felony conviction.[6] (ECF No. 1, Pet. at 5-6.) Petitioner also argues his prior strike is now deemed a "misdemeanor", and therefore the strike conviction is invalid. (*Id.* at 7.) Respondent moves to dismiss the Petition arguing both claims are not cognizable on federal habeas review because they do not concern a violation of the constitution or law or treaties of the United States and merely raise state sentencing law issues. (ECF No. 12-1 at 3.) The Report concluded that both claims are based on alleged

---

[6] On this ground, Petitioner also argues that he should be resentenced under Senate Bill 1393 because the court has discretion to strike or dismiss his one-year enhancement for a prior prison term. (ECF No. 1, Pet. at 5.) However, Senate Bill 1393 applies to prior serious felony convictions and does not apply to prior prison terms. Therefore, Petitioner's argument on his one-year enhancement for a prior prison term is not supported.

errors in the application or interpretation of state law, and therefore are not cognizable. (ECF No. 14.)

Federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68 (citations omitted). Courts have long held that alleged errors in the interpretation or application of state laws are not cognizable on federal habeas review. *See Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) ("[V]iolations of state law are not cognizable on federal habeas review."); *see also Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (holding that federal habeas relief is "unavailable for alleged error in the interpretation or application of state law").

Further, district courts have consistently held that a habeas petition seeking relief under Senate Bill 1393 is not cognizable on habeas review because it is a state law claim. *See Clarkson v. Eaton*, Case No. 5:20-cv-01494-ODW-MAA2022 WL 1296094, at *4 (C.D. Cal. Mar. 16, 2022) ("As this District and other district courts in this Circuit consistently have held, Petitioner's claim that he is entitled to relief under Senate Bill 1393 is a state law claim that is not cognizable on federal habeas review") (citing cases); *see also O'Neil v. Burton*, No. 218CV0858KJMACP, 2019 WL 6915690, at *2 (E.D. Cal. Dec. 19, 2019) (denying petition for writ of habeas corpus for failure to assert a cognizable claim because California Senate Bill 1393 only implicates state law).

The Report correctly concluded that the claims in the Petition are not cognizable as

they solely raise issues of sentencing under state law.

In his Objection, Petitioner argues, for the first time,[7] that Senate Bill 1393, which took effect in 2019, should be retroactively applicable to his case because his sentence is excessive under the "*Apprendi* New Rule." (ECF No. 15 at 2, 4.) Following his logic, Petitioner argues that Senate Bill 1393 falls under the *Apprendi* New Rule, *Apprendi* falls within the "watershed" exception of *Teague*'s[8] non-retroactivity rule and is also a substantive rule subject to retroactivity. (*Id.* at 4, 6-7.)

In *Apprendi v. New Jersey*, 530 U.S. 466, 409 (2000), the United States Supreme Court held under the Sixth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 477.

First, *Apprendi* does not apply to prior convictions, and second, Petitioner admitted his prior serious felony conviction and prior strike conviction at trial. Therefore, *Apprendi* does not apply in this case. *See id.; United States v. Booker*, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Further, even if *Apprendi* were applicable, the Ninth Circuit has held that *Apprendi* does not apply retroactively on collateral review. *United States v. Sanchez-*

---

[7] The Court exercises its discretion to consider arguments raised for the first time in the objections. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("we conclude that a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); *Espinoza–Matthews v. California*, 432 F.3d 1021, 1026 n. 4 (9th Cir. 2005) ("Because [petitioner] was a pro se petitioner at all relevant times, we hold that the district court should have exercised its discretion to review the supplemental evidence that [petitioner] submitted.").

[8] *Teague v. Lane*, 489 U.S. 288 (1989).

7

*Cervantes*, 282 F.3d 664, 671 (9th Cir. 2002) ("we hold that *Apprendi* does not apply retroactively to cases on initial collateral review"). Therefore, Petitioner's attempt to raise a cognizable claim raising *Apprendi* is without merit and his claim seeking relief under Senate Bill 1393, a state statute, is not cognizable.

Petitioner's second ground for relief contends that his prior felony strike is now a "misdemeanor" under Proposition 57. (ECF No. 1, Pet. at 7.) In his Objection, Petitioner appears to additionally argue, for the first time, that his assault conviction which was a felony, is now a misdemeanor under Proposition 57. (ECF No. 15 at 5.) Whether Petitioner is challenging his prior felony conviction or his assault conviction under Proposition 57, which amended the California Constitution to provide for early parole consideration, it does not provide a mechanism for resentencing. *Travers v. People of the State of Ca*l., Case No. 17-cv-06126-SI, 2018 WL 707546, at *2 (N.D. Cal. Feb. 5, 2018) (The text of Proposition 57 does not provide for existing prisoners to be resentenced.") (citing cases). On the second ground, Petitioner merely raises an issue of state sentencing law which is not cognizable on federal habeas review.

In conclusion, the Court ADOPTS the Report and GRANTS Respondent's motion to dismiss for failing to raise cognizable claims on federal habeas review. *See Estelle*, 502 U.S. at 68.

Respondent also moves to dismiss the petition as wholly unexhausted. (ECF No. 12-1 at 2.) Because the Court concludes that Petitioner has not presented a cognizable claim, the Court need not consider whether he has exhausted them. *See Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (finding no need to consider exhaustion requirement where petitioner "does not raise even a colorable federal claim"); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-98 (9th Cir. 1983) (holding that district court need not consider exhaustion where a claim is plainly non-cognizable).

/ / /

### C. Leave to Amend

Petitioner seeks leave to amend in order to present a "tenable" claim for relief. (ECF No. 15 at 11.)  The Report stated that "[a]lthough unlikely," leave to amend should be granted to allow Petitioner to amend his Petition. (ECF No. 14 at 6-7.)  District courts have denied leave to amend where petitioner failed to state a cognizable claim. *See Briggs v. Fresno Superior Ct.*, No. 1:12-CV-01549-SKO-HC, 2012 WL 5210589, at *6 (E.D. Cal. Oct. 22, 2012) (denying leave to amend state law claims because petitioner failed to set forth federal basis for the claims); *see also Martinez v. Hartley*, No. 1:11-CV-00215-OWW, 2011 WL 3319550, at *3 (E.D. Cal. Aug. 1, 2011) ("Because the lack of a cognizable claim results from the nature of the claim, and not from the absence of factual allegations, granting leave to amend the claim would be futile."). Similarly, here, granting Petitioner leave to amend would be futile because he cannot assert a cognizable claim for resentencing under state law and his attempts to assert a federal claim through *Apprendi* is without merit.  Accordingly, the Court DECLINES to ADOPT the Report and DENIES Petitioner's request for leave to amend.

### D. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases states, the district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and citation omitted).

In this case, the Petitioner has not made a required substantial showing of the

denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Therefore, the Court **DENIES** a Certificate of Appealability.

## Conclusion

For the reasons set forth above, the Court **ADOPTS in part** the Magistrate Judge's Report and Recommendation, **GRANTS** Respondent's motion to dismiss without leave to amend and **DISMISSES** the Petition for Writ of Habeas Corpus. The Court also **DENIES** a certificate of appealability. The Clerk of the Court shall close the case.

IT IS SO ORDERED.

Dated:  March 23, 2023

Hon. Gonzalo P. Curiel
United States District Judge